AIR LINE PILOTS ASSOCIATION,
INT'L et al., Plaintiffs,

v.

UAL CORPORATION, Defendant.

No. 10 Civ. 1533(VM).

United States District Court,
S.D. New York.

June 8, 2010.

Adam Seth Libove, Matthew Joel Aaronson, Troutman Sanders LLP, Adam I. Stein, Ropes & Gray, LLP, New York, NY, Granville C. Warner, Jonathan Cohen, Merril Jay Hirsh, Legal Department of Alpa, Jesse K. Martin, Troutman Sanders LLP, Washington, DC, for Plaintiffs.

Joel Alan Blanchet, Kirkland & Ellis LLP, Adam I. Stein, Ropes & Gray, LLP, New York, NY, Michael Brian Slade, Kirkland & Ellis LLP, Chicago, IL, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Neither state nor federal court is a proper tribunal for hearing disputes between parties to a collective bargaining agreement governed by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.* These disagreements must be submitted to arbitration and parties waste both the resources of their clients and the judiciary

by boomeranging such disputes between state and federal court.

The parties' jurisdictional bouncing match in this case began when plaintiffs Air Line Pilots Association, International ("ALPA"), Certain Underwriters at Lloyd's, and Arch Insurance Company (Europe) Ltd. (collectively, "plaintiffs") filed suit in New York state court alleging that defendant UAL Corporation ("UAL") failed to honor an indemnification agreement. UAL filed a notice of removal, and this Court called time out and ordered the submission of letter-briefs on whether UAL's maneuver was proper. After considering the submissions, the Court is persuaded that *Sullivan v. American Airlines, Inc.*, 424 F.3d 267 (2d Cir.2005), controls this case and accordingly remands it to state court.

## I. BACKGROUND

UAL, which owns 100% of United Airlines, filed for bankruptcy in December 2002. During this process, UAL negotiated with ALPA to reduce pension contributions and other amounts that UAL would otherwise owe to pilots represented by ALPA. UAL also agreed to indemnify ALPA for any liabilities arising from their agreement. Pilots represented by ALPA then sued ALPA about monetary distributions made in connection with the agreement between ALPA and UAL. ALPA settled the lawsuit and asked UAL for indemnification.

The current lawsuit is about UAL's refusal to pay ALPA under the indemnification agreement. Plaintiffs filed suit on January 21, 2010, in New York state court requesting declaratory relief under New York law that UAL breached the indemnification agreement as well as damages and costs for UAL's breach of contract and dealing in bad faith. UAL filed a notice of removal with this Court on February 23, 2010.

## II. DISCUSSION

■ It is axiomatic that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar. Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also* 28 U.S.C. § 1441(a). UAL contends that though plaintiffs allege only state-law causes of action, this action is really a dispute governed by the RLA and that removal is proper because the case therefore arises under federal law. *See* 28 U.S.C. § 1331.

■ UAL's argument goes further than they intend and ensures that the case cannot be removed to federal court. This outcome follows because the RLA requires disputes over the terms of collective bargaining agreements (so called "minor disputes") to be heard before adjustment boards for arbitration, not in state or federal court. *See Sullivan*, 424 F.3d at 270; 45 U.S.C. § 184. Adjudication before an adjustment board is not optional and "minor disputes under the RLA cannot be filed in the first instance in federal court." *Sullivan*, 424 F.3d at 276. Federal courts simply are not empowered to hear such disputes originally, much less on removal.

■ It seems inevitable that this dispute will ultimately be referred to an adjustment board: the indemnity agreement was part of an agreement letter that noted it was "made and entered into in accordance with the Railway Labor Act" and made "revisions to [a] current collective bargaining agreement". (Exhibit 1, page 1, of Plaintiffs' Complaint, dated January 21, 2010.) And though delaying that referral now may seem an overly-technical outcome, "federal courts may not take jurisdiction over [RLA minor disputes in state courts] simply to dismiss them" to appear before adjustment boards. *Sullivan*, 424 F.3d at 278. Instead, such a referral must

come from the state court where the case was originally filed. *Id.* at 277–78.

UAL attempts to distinguish *Sullivan* by arguing that the case addressed only whether removal was proper when a defendant attempted to use RLA's arbitration provisions as a defense to state-law claims. But the Second Circuit did not limit its holding to that fact-pattern and *Sullivan* assumed that the disputed "state-law claims qualif[ied] as minor disputes under the RLA". *Id.* at 269. That characterization is the same that UAL urges here and UAL's attempts to minimize *Sullivan* by sheer force of will and selective quotation are not persuasive.

UAL's notice of removal was premised entirely on its characterization of this lawsuit as a minor dispute under the RLA. By doing so, UAL effectively shot itself in the foot. If the Court adopts UAL's argument that this lawsuit is indeed a minor dispute under the RLA, it cannot be heard here. UAL's sole ground for removal was its RLA argument and its effort to remove this case to federal court therefore cannot succeed. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (party asserting jurisdiction of federal court has burden of establishing it). UAL's contention that the parties' dispute belongs before the adjustment board should be addressed to the state court, which, on the premise that the RLA applies, would be empowered to hear UAL's request and order the mandated referral.

### III. *ORDER*

Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to remand this case to New York State Supreme Court, New York County.

The Clerk of Court is directed to terminate all pending motions and to close this case.

**SO ORDERED.**